KLEIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 30, 1907.

No. 71.

POST OFFICE—USING THE MAILS TO DEFRAUD—CRIMINAL PROSECUTION.

A verdict finding defendants guilty on a charge of using the mails in furtherance of a scheme to defraud held sustained by the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, §§ 84–86.]

In Error to the District Court of the United States for the Western District of New York.

E. W. Norris and Dolson & Dolson, for plaintiffs in error.

Lyman K. Bass, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. We have carefully examined the record in this case, and also the briefs and the statement of Braman, and are entirely satisfied that the judgment of conviction should be affirmed. The main contention of plaintiffs in error is that the proofs did not warrant a verdict of guilty. On the contrary, it is, in our opinion, difficult to understand how any other verdict could have been rendered; indeed, the documentary proof alone, the authenticity of which is not

disputed, would by itself be well-nigh sufficient to demonstrate the existence of a "scheme to defraud."

The exception to refusal to strike out the answer to a question put on cross-examination of one of the witnesses for the prosecution is unsound. The question and answer were:

"Q. If you put a man on the road, and pay him a salary of $18 and expenses, not to exceed $20, or $38, and you sell at 40 per cent. off, do you know how much you would make as a jobber, selling that grade of goods? A. That can't be done."

The answer was plainly responsive; and it was certainly competent and material to show that the defendants fixed a rate of discount which made it impossible for the persons whom they induced to enter into the contracts complained of to sell the goods which they thereby agreed to dispose of. But, if this were not so, any error in this particular ruling is immaterial, because elsewhere in the record precisely the same testimony appears without objection, elicited on cross-examination of the same witness for the prosecution.

The exception to refusal to charge that a certain deposit of $50 under the same contract would under certain circumstances become a trust, and not be due until the contract was complied with, is unsound. That was a matter with which the jury had no concern, and it has no bearing on the question whether the scheme set on foot by defendants was in fact one to defraud.

The judgment of the District Court is affirmed.